[No. B068584. Second Dist., Div. Five. Nov. 24, 1993.]

DANIEL L. ROTHMAN, Plaintiff and Respondent, v.
NORMAN M. DOLIN, Defendant and Appellant.

**[Opinion certified for partial publication.\*]**

*Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for partial publication. Portions deleted are noted by the insertion of the following symbol at the points of omission [[ ]].

COUNSEL

Kathleen L. Jernigan and Gerald I. Neiter for Defendant and Appellant.

W. Ruel Walker for Plaintiff and Respondent.

OPINION

ARMSTRONG, J.—This is an appeal from the trial court's judgment on a petition for court supervision of the winding up of a dissolved law corporation, the two shareholders of which were appellant Norman M. Dolin and respondent Daniel L. Rothman.

In early 1982, appellant and respondent were each 50 percent shareholders of Dolin & Rothman, a professional corporation (the Firm). By mutual agreement, the Firm was dissolved on May 31, 1982. At the time of the dissolution, the parties agreed on the division of the Firm's cases. However, they did not agree upon the allocation of fees to be received from future work for those clients whose cases they each took. Specifically, the parties could not agree on the distribution of fees with respect to one client with whom the Firm had a contingency fee agreement, and who subsequently retained respondent to provide legal services. Additionally, respondent was of the opinion that the unfinished business of the Firm on the date of dissolution, which matters were to be finished on behalf of the Firm and the fees from which were to be distributed to the shareholders according to their shareholdings in the law corporation rather than according to which particular lawyer performed the services, included all matters then pending,

whether hourly fee or continency fee cases. Appellant disagreed, believing that only contingency fee cases should be included within the Firm's unfinished business.

[[ FACTS ]]*

DISCUSSION

[[]]*

Citing *Jewel* v. *Boxer* (1984) 156 Cal.App.3d 171 [203 Cal.Rptr. 13] and *Fox* v. *Abrams* (1985) 163 Cal.App.3d 610 [210 Cal.Rptr. 260], the trial court ruled that all pending cases of the Firm on the date of dissolution constituted the unfinished business of the Firm, regardless of whether the matters were hourly rate cases or contingency fee cases. Consequently, the parties were entitled to share equally in the fees received in those cases regardless of which attorney had actually performed the services.

Appellant maintains that *Jewel* v. *Boxer* and *Fox* v. *Abrams* apply only to contingency fee cases. He therefore argues that while the fees generated by respondent's contingency fee cases which were pending at the time the Firm dissolved belong to the Firm, the fees generated by appellant's hourly cases pending at the same time are to be treated differently.

In *Jewel* v. *Boxer, supra,* 156 Cal.App.3d 171, the former partners of a law partnership brought an action for an accounting with respect to fees received by the partnership after dissolution which derived from cases pending at the time of dissolution. The court of appeal held that in the absence of a partnership agreement, the Uniform Partnership Act (Corp. Code, § 15001 et seq.) requires that fees received on cases in progress upon dissolution of the partnership are to be shared by the former partners according to their right to fees in the former partnership, regardless of which former partner actually performs the legal services in the case after dissolution. In *Fox* v. *Abrams, supra,* 163 Cal.App.3d 610, this court extended the rule of *Jewel* to the dissolution of a law corporation.[3]

Appellant does not challenge the holdings of these two cases, but contends that they were concerned only with contingency fee cases and thus do not apply to hourly fee cases such as those at issue here. The only indication of the type of cases at issue in *Jewel* is the court's statement that certain

---

*See footnote, *ante,* page 755.

[3]Because the rule of *Jewel* applies alike to partnerships and law corporations, we use the terms "partner" and "shareholder" interchangeably in the following discussion.

attorneys in the former firm "had handled most of the active personal injury and workers' compensation cases; the rest, as well as other kinds of cases, had been handled" by other of the firm's attorneys. (*Jewel v. Boxer, supra*, 156 Cal.App.3d at p. 175.) In *Fox*, we can glean the type of cases with which the court was concerned only from the statement that prior to the dissolution, ". . . respondents had been actively working on a number of . . . pending cases, mostly personal injury and wrongful death." (*Fox v. Abrams, supra*, 163 Cal.App.3d at p. 612.)

Neither *Jewel* nor *Fox* explicitly states that it is concerned solely with contingency fee cases, and the phrase "other kinds of cases" cannot fairly be construed to so imply. Moreover, the policy reasons for the rule announced in *Jewel*, that is, that fees received in connection with the unfinished business of a partnership are to be allocated according to the former partners' respective interests in the partnership rather than on a quantum meruit basis, apply with equal force to both contingency and hourly rate cases. Indeed, according different treatment to hourly rate and contingency fee cases would lead to the prospect of attorneys shunning contingency fee cases in anticipation of a possible dissolution of the law firm, and scrambling to get the hourly rate cases rather than the contingency fee cases upon dissolution. We believe that the *Jewel* court's conclusion applies equally well to the rule announced here: "On balance, the allocation of fees according to each partner's interest in the former partnership should not work an undue hardship as to any partner where each partner completes work on the partnership's cases which are active upon its dissolution." (*Jewel v. Boxer, supra*, 156 Cal.App.3d 171, 179.)

Appellant argues that application of the *Jewel* rule to hourly rate cases results in a form of involuntary servitude. We note, however, that each partner has a continuing fiduciary responsibility to the other partners to complete the unfinished business of the partnership. "Thus the former partners are obligated to ensure that a disproportionate burden of completing unfinished business does not fall on one former partner or one group of former partners, unless the former partners agree otherwise." (*Jewel v. Boxer, supra*, 156 Cal.App.3d at p. 179.)

Appellant also notes that, if the Firm's caseload had consisted of only hourly rate cases, it could have simply closed its books on the date of dissolution, and all work performed subsequently would have constituted new business of the respective parties. While it is true that the parties could have agreed to do just that, that fact does not support appellant's position that hourly rate cases are necessarily "finished" at the end of each month when an invoice is prepared and submitted to the client. And it is the very

fact that the Firm's business consisted of a mixture of hourly rate and contingency fee cases, and that substantially all of appellant's clients paid for their attorneys' services on an hourly basis while substantially all of respondent's clients compensated their attorneys on a contingency fee basis, which renders different treatment of the unfinished business of the parties' clients on the basis of the form of compensation fundamentally unfair.[4] Appellant's citation to *Lyon* v. *Lyon* (1966) 246 Cal.App.2d 519 [54 Cal.Rptr. 829] is to no avail. That case holds that a departing partner was not entitled to be compensated for his portion of the good will of the firm; it does not support appellant's argument that hourly fee cases in progress at the time of dissolution should be treated differently from pending contingency fee cases.

For the foregoing reasons, we hold that unfinished business simply consists of all matters in progress which have not been completed at the time the firm is dissolved. (*Freese* v. *Smith* (1952) 114 Cal.App.2d 283, 289 [250 P.2d 261].) That one matter is to be compensated at an hourly rate and another on a contingency basis is of no consequence in determining whether a matter is unfinished business.

[[]]*

## DISPOSITION

The judgment is affirmed.

Grignon, Acting P. J., and Godoy Perez, J., concurred.

---

[4]Of course, the parties were free to enter into an agreement providing for the allocation of fees relating to unfinished business in any manner they wished.

*See footnote, *ante*, page 755.